**[J-57-2018]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN THE INTEREST OF: L.J.B, A MINOR     :   No. 10 MAP 2018
                                            :
                                            :
                                            :   Appeal from the Order of the Superior
APPEAL OF: A.A.R, NATURAL MOTHER   :   Court at No. 884 MDA 2017 dated
                                            :   12/27/17 vacating the order of Clinton
                                            :   County Court of Common Pleas,
                                            :   Juvenile Division, dated 5/24/17 at No.
                                            :   CP-18-DP-0000009-2017 and
                                            :   remanding for further proceedings
                                            :
                                            :   ARGUED:  September 25, 2018

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                                 **DECIDED:  December 28, 2018**

I concur in the result and join Chief Justice Saylor's concurring opinion. I write separately to emphasize the ambiguous nature of the applicable statutory text which, as exemplified by the divergent conclusions expounded by my colleagues on this Court and the lower tribunals, may result in reasonable minds reaching disparate interpretations.

As the plurality aptly explains, the Superior Court determined prenatal drug use may constitute a "recent act" causing or creating the reasonable likelihood of an injury to a child under the CPSL; thus the "recentness" relates back to the act from the time of the reported injury, regardless of whether a child existed at the time of the act. Under such reasoning, an individual need **not** be a perpetrator at the time of the behavior causing or risking an injury to a child in order to later be found a perpetrator of child abuse following the injury. In reversing, the plurality determines an individual must be a perpetrator, *i.e.*, a person having some statutorily defined interaction with a child, at the same time as the

commission of behavior causing or risking the injury; thus, prenatal drug use **cannot** be construed as child abuse.

As the statutory text provides, child abuse requires "intentionally, knowingly or recklessly … (1) [c]ausing bodily injury to a child **through** any recent act or failure to act[,]" or "(5) [c]reating a reasonable likelihood of bodily injury to a child **through** any recent act or failure to act." 23 Pa.C.S. § 6303(b.1)(1), (5) (emphasis added). This statutory definition of child abuse does not contain the word "perpetrator," nor does it reference who may commit child abuse. Indeed, the temporal proximity between a CPSL-defined "perpetrator" and a CPSL-defined "recent act or omission" described by the plurality, though logical, is not defined or referenced anywhere within the statutory text. Further, the intended use of the word "through" within its context here is also unclear: whether "through any recent act" is intended to temporally link the commission of the act to the injury as occurring within one block of time, or, instead, "through" merely means "by way of," casts further ambiguity upon the language conferring a temporal period the plurality determines is clear from the plain language of the statute. For these reasons, I disagree that the plain language of the statute is clear and unambiguous.

In construing ambiguous statutory language, "we presume to be erroneous any interpretation that leads to an absurd or unreasonable result[.]" *Freedom Med. Supply, Inc. v. State Farm Fire & Cas. Co.*, 635 Pa. 86, 131 A.3d 977, 984 (2016); 1 Pa.C.S. § 1922(1). Individuals must be able to rely on the law to afford them notice of when, temporally and qualitatively, certain relationships and interactions with children might trigger the consequences of perpetrating child abuse as delineated by the CPSL. Requiring the anticipation of the potentially injurious effects of one's behavior upon a child who does not exist seems, in my view, manifestly unreasonable, and as Judge Strassburger's concurrence below illustrates, the myriad of foreseeable circumstances

fitting well within the plain language of the definition of child abuse extends to situations which are patently absurd. *See In re L.B.*, 177 A.3d 308, 313-14 (Pa. Super. 2017) (Strassburger, J., concurring). Thus, in my view, to the extent the CPSL's definition of child abuse encompasses an act or omission which predates the existence of a child (even if, at some later point, there is a child who suffers or is at risk of injury as a result of the act or omission) it is erroneous.

Nevertheless, I agree with the plurality's assessment of the legislative history and analysis of legislative intent, as well as the statutory construction requiring temporal proximity between the existence of a perpetrator, as the term is defined by the CPSL, and the behavior causing or risking injury to an existing child.